IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQUELINE C. FJELLIN, for and as Trustees of the Leonard Van Liew Living Trust, and JAMES J. VAN LIEW, for and as Trustees of the Leonard Van Liew Living Trust, | ) ) ) ) ) | 8:15CV67 |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| FRAUENSHUH HOSPITALITY GROUP OF MINNESOTA, a Minnesota limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiffs filed this diversity lawsuit 12 days after Magistrate Judge Zwart denied Plaintiffs' motion for leave to amend the complaint in *Fjellin v. Penning*, No. 8:14CV77, Filing 26 (D. Neb. Feb. 11, 2015), in which Plaintiffs sought to add as a party defendant Frauenshuh Hospitality Group of Minnesota ("Frauenshuh"), the defendant in this case. The Magistrate Judge denied Plaintiffs leave to amend because the proposed amended complaint did not allege the citizenship of the members of the proposed new defendant Frauenshuh, stating that "a federal court cannot grant leave to file an amended pleading if, on its face, that pleading lacks the requisite showing of subject matter jurisdiction."

Along with filing the new and separate case[1] that is now before me, Plaintiffs

_____

[1]Chief Judge Smith Camp was originally assigned to this case. (Filing 3.) It is apparent that Plaintiffs' counsel did not notify the court that this case was related to *Fjellin v. Penning*, No. 8:14CV77, when this case was filed, as required by our Local Rules, because this new case was not reassigned to me under the "related case"

continued to press for leave to amend the complaint to add Frauenshuh in *Fjellin v. Penning*, No. 8:14CV77.  However, I denied leave to amend because "the proposed amended complaint, *without leave to do so*, (a) was filed four months beyond the court's deadline; (b) added a new defendant and claims against that defendant; and (c) contained the previously dismissed UCC and negligence causes of action against [two other defendants]." *Fjellin v. Penning*, No. 8:14CV77 (Filing 38, at CM/ECF p. 3 (emphasis in original)).

So, once again, I shall revisit the same set of alleged facts as those involved in *Fjellin v. Penning*, No. 8:14CV77, as applied to this new defendant, and in the context of the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Filing 8.)

## STANDARD OF REVIEW

When confronted with a Rule 12(b)(6) motion, all the factual allegations contained in the complaint are accepted as true, and the complaint is reviewed to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). If the complaint does not state "enough facts to state a claim to relief that is plausible on its face," it must be dismissed for failure to state a claim. *Id*. at 570. The plaintiffs must state enough facts

---

rule until four months after the case was filed. (Filing 12.) See NEGenR 1.4(a)(4)(C)(iii) (cases are "related when they involve some or all of the same issues of fact"); NEGenR 1.4(a)(4) ("Attorneys of record must notify the court that a case is or may be related to another pending or closed case in this court. Failure to notify the court may result in sanctions on attorneys and parties. Accordingly, (i) on the 'open unassigned case' screen, the filer should enter 'USDC-NE' in the 'other court' name field and the number of the related case in the 'other court number' field; and (ii) after filing, an attorney of record who learns that a case is or may be related to another pending or closed case in this court must immediately inform the clerk and the chief judge by electronically filing a notice of related cases."). Sanctions were not imposed upon Plaintiffs' counsel; however, counsel should proceed with caution and should consult this court's Local Rules if they wish to continue to litigate in this court.

to "nudge[] their claims across the line from conceivable to plausible." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

 "[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *et al.*, *Federal Practice and Procedure* § 1356 (3d ed. Westlaw 2015). "The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Rule 56, which goes to the merits of the claim—indeed, to its very existence—and is designed to test whether there is a genuine issue of material fact. The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." *Id*.

## DISCUSSION

Plaintiffs allege that Defendant converted their property under Nebraska law. The Nebraska Supreme Court has "defined tortious conversion as any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights." *United Gen. Title Ins. Co. v. Malone*, 858 N.W.2d 196, 211 (Neb. 2015). Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing 8) is based on three arguments: (1) pursuant to § 9-320(a) of the Nebraska Uniform Commercial Code, Defendant was a good-faith purchaser of the assets and took the assets free of the Trust's security interest as a matter of law; (2) because the Trust's attorney had the apparent authority to approve the filing of the UCC-3 terminating the financing statement related to the Trust's security interest, the termination was effective; and (3) the Trust does not have standing to pursue a claim premised upon a security interest arising from the November 2009 security agreement because the Trust was not a party to that agreement. (Filing 8; Filing 10, Def.'s Br.

3

Supp. Mot. Dismiss at CM/ECF 1.)

Suffice it to say that each of Defendant's asserted grounds for dismissal would require me to "resolv[e] a contest between the parties about the . . . substantive merits of the plaintiff's case" on a Rule 12(b)(6) motion, which is only meant to test "whether the claim has been adequately stated in the complaint." 5B *Federal Practice and Procedure* § 1356. Accordingly, I shall deny Defendant's motion to dismiss without prejudice to Defendant raising its arguments on a more developed record in a motion for summary judgment.

IT IS ORDERED that Defendant's motion to dismiss (Filing 8) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is denied without prejudice to Defendant raising its arguments in a properly supported motion for summary judgment.

DATED this 21st day of August, 2015.

BY THE COURT:

*Richard G. Kopf*

Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.